Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000044
19-MAR-2014
07:56 AM

NO. CAAP-13-0000044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHERMAN LAVELLE SHAW, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1053)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Sherman Lavelle Shaw (Shaw) appeals, *pro se*,[1] from the Judgment of Conviction and Sentence for the offense of Attempted Theft in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-831 (Supp. 2013)[2] and HRS § 705-500 (1993)[3] entered by the Circuit Court of

---

[1] On June 14, 2013, this court remanded this case for a determination of whether Shaw validly waived his right to counsel and wished to proceed in this appeal *pro se*. The Circuit Court of the First Circuit, the Honorable Randal K.O Lee, conducted a colloquy with Shaw and determined that Shaw voluntarily, knowingly and intelligently elected to proceed *pro se* on appeal.

[2] HRS § 708-831 provides in pertinent part:

§708-831 **Theft in the second degree.** (1) A person commits the offense of theft in the second degree if the person commits theft:

(a) Of property from the person of another;

(b) Of property or services the value of which exceeds $300;

. . . .

(continued...)

the First Circuit (Circuit Court) on January 17, 2013.[4]

On appeal, Shaw apparently argues that: (1) there was insufficient evidence to support his conviction; and (2) he was denied effective assistance of counsel.[5]

Shaw's first point of error on appeal, insufficiency of the evidence, in and of itself implies a searching review by the appellate court of the evidence adduced at Shaw's jury trial.[6]

---

[2](...continued)
       (2) Theft in the second degree is a class C felony. A person convicted of committing the offense of theft in the second degree under [subsection (1)](c) and (d) shall be sentenced in accordance with chapter 706, except that for the first offense, the court may impose a minimum sentence of a fine of at least $1,000 or two-fold damages sustained by the victim, whichever is greater.

[3]      HRS § 705-500 provides:

      §705-500 **Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:

      (a)    Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

      (b)    Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

      (2)    When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

      (3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

[4]      The Honorable Randal K.O. Lee presided.

[5]      Shaw's Opening Brief is handwritten and not in compliance with Hawai'i Rules of Appellate Procedure (HRAP) Rules 28(b) and 32.

[6]      In considering whether evidence adduced at trial is sufficient to support a conviction, we are guided by the following principles:

      On appeal, the test for a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact. State v. Ildefonso, 72 Haw. 573, 576, 827 P.2d 648, 651 (1992); State v. Tamura, 63

(continued...)

2

Although the record on appeal contains the court file and the exhibits admitted into evidence at trial, Shaw has failed to include any transcripts of the trial itself in the record on appeal.

HRAP Rule 10(b)(1)(A) places on the appellant the affirmative burden of providing the transcript of the proceedings:

> When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file.

Thus, it is well settled that "'[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.'" Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)) (brackets omitted). As there are no transcripts of proceedings here, Shaw has failed to carry his burden.

Similarly, Shaw has failed to establish his counsel provided ineffective assistance of counsel. The proper standard for claims of ineffective assistance of counsel on appeal is whether, "viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases."

---

[6](...continued)
Haw. 636, 637, 633 P.2d 1115, 1117 (1981). "'It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for the conviction.'" Ildefonso, 72 Haw. at 576-77, 827 P.2d at 651 (quoting Tamura, 63 Haw. at 637, 633 P.2d at 1117). "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a man of reasonable caution to reach a conclusion." See id. 72 Haw. at 577, 827 P.2d at 651 (quoting State v. Naeole, 62 Haw. 563, 565, 617 P.2d 820, 823 (1980)).

State v. Matias, 74 Haw. 197, 207, 840 P.2d 374, 379 (1992). "Furthermore, 'it is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]'" Tachibana v. State, 79 Hawai'i 226, 239, 900 P.2d 1293, 1306 (1995) (citation omitted).

Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994) (citation, internal quotation marks, and brackets omitted).

> General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting the defendant's case and it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then it will be evaluated as information that an ordinary competent criminal attorney should have had.

Id. (ellipses and brackets omitted; emphases in original) (quoting Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993)). "[M]atters presumably within the judgment of counsel, like trial strategy, will rarely be second-guessed by judicial hindsight." State v. Richie, 88 Hawai'i 19, 39-40, 960 P.2d 1227, 1247-48 (1998) (citation and internal quotation marks omitted; emphasis in original). Shaw has not provided the transcripts that would allow us to conduct this review. Moreover, the court minutes reflect he was present for one date he identifies (October 11, 2011), which was a motion in limine and the other, for which he was not present (October 10, 2011), was for a status conference and Shaw does not state why his absence was an error or omission of counsel that substantially impaired a potentially meritorious defense. See State v. Smith, 106 Hawai'i 365, 377, 105 P.3d 242, 254 (App. 2004) (not ineffective assistance to waive defendant's presence at settling of jury instructions); see also, Hawai'i Rules of Penal Procedure Rule 43(c) ("A defendant need not be present either physically or by video conference if . . . (2) the proceeding is a conference or argument upon a question of law[.]"). Shaw also does not identify the witnesses he claims counsel failed to contact and, more importantly, does not state, let alone present a sworn

statement, regarding what those witnesses would have testified to at trial. See Smith, 106 Hawai'i at 378, 105 P.3d at 255.

Therefore, the January 17, 2013 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, March 19, 2014.

On the briefs:

Sherman L. Shaw,
Defendant-Appellant, pro se.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge